AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of West Virginia

| | |
|---|---|
| United States of America<br>v.<br>RICKY LEE CLARK SR.<br><br>*Defendant(s)* | ) ) ) ) ) ) ) )   Case No.  2:20-mj-00168 |

## CRIMINAL COMPLAINT BY RELIABLE ELECTRONIC SOURCE

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of **July 2, 2019** in the county of **Kanawha** in the **Southern** District of **West Virginia**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) | Possession with Intent to Distribute Methamphetamine, a Schedule II Controlled Substance |
| 18 U.S.C. §§ 922(g)(1) & 924(a)(2) | Felon in Possession of Ammunition |
| 18 U.S.C. §§ 922(g)(1) & 924(a)(2) | Felon in Possession of Firearms |

This criminal complaint is based on these facts:
See attached affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

M.W. Fisher, Patrolman, St. Albans Police Dept.
*Printed name and title*

Sworn telephonically (reliable electronic means) by me.

Date: 12/30/2020

_____
Omar J. Aboulhosn
United States Magistrate Judge
*Printed name and title*

City and state: Bluefield, West Virginia

# AFFIDAVIT

STATE OF WEST VIRGINIA

COUNTY OF KANAWHA, to-wit:

I, M. Wayne Fisher, being first duly sworn, do hereby depose and state as follows:

1. I am currently a police officer with the Saint Albans Police Department and have been so for four years.

2. This affidavit is based the reports and investigation of other officers, as well as my own personal investigation and observations. This affidavit does not contain each and every fact known to me and other officers, but has facts sufficient to establish probable cause for the charged offenses. During this investigation I have consulted with Sergeant B.J. Perry of the Saint Albans Police Department, who was previously assigned to the Metropolitan Drug Enforcement Unit, also known as MDENT, and who has extensive experience with enforcement of federal and state controlled substance laws.

3. On July 2, 2019, I conducted a traffic stop of a Ford F-250 truck because I observed the passenger was not wearing a seatbelt. The traffic stop occurred on the 3000 block of Kanawha Terrace in Saint Albans, Kanawha County, West Virginia. The truck was being driven by a female, who I subsequently learned did not have a valid driver's license, had an open court capias, and who reported she did not know where the vehicle's insurance and registration were located. The passenger was Ricky Lee CLARK Sr., who stated it was his vehicle, but he was also not licensed.

4. CLARK was removed from the truck and I observed a glass pipe in the truck's center console, which based on my training and experience, I recognized as being a common method of smoking methamphetamine. Patrolman M.W. Cooper, also of the Saint Albans Police Department, had K9 "Arco" sniff around the exterior of the truck and K9 Arco alerted on the

vehicle. I then searched the truck and recovered various narcotics paraphernalia, including a digital scale under the driver's seat, which based on my training and experience, is frequently used to weigh drugs being distributed. I also recovered 17 handgun cartridges (9x18mm and .380 caliber) from the vehicle's cup holder.

5. While I was searching CLARK's truck, Patrolman Cooper had CLARK empty his pockets and CLARK removed $1,408 in currency and suspected methamphetamine from the pockets of his pants. The suspected methamphetamine weighed approximately 13 grams (with packaging) and according to a field-test I performed on the substance, was positive for the presence of methamphetamine.

6. CLARK was subsequently brought to the police station, advised of his Miranda rights, and agreed to speak with me and a colleague. CLARK explained that he would purchase methamphetamine, sell a portion of it, and also use a portion. He told us that all but $500 of the currency recovered from his person was the proceeds of selling drugs.

7. Based on my training and experience, the recovery of drug distribution paraphernalia from CLARK's truck, and CLARK's post-Miranda statements, I know the 13 grams of methamphetamine were possessed, at least in part, for purposes of further distribution, rather than only for personal use.

8. During his post-Miranda interview CLARK also stated he lived at 1006 Green Valley Drive and kept firearms in his trailer at the location. CLARK acknowledged he was not allowed to possess firearms due to a prior felony conviction for manufacturing methamphetamine.

9. Sergeant B.J. Perry subsequently obtained a search warrant for CLARK's residence and later on July 2, 2019, searched the location, which is 1006 Green Valley Drive, Saint Albans,

Kanawha County, West Virginia. Sergeant Perry informs me that he recovered the following from inside CLARK's trailer at the location:

    a.    A RG Industries, model RG23, .22 caliber pistol;

    b.    A Ruger, model LC9, 9mm caliber pistol;

    c.    A Taurus 20 gauge shotgun;

    d.    A FMJ/Cobray, model D, .45 caliber pistol;

    e.    A Smith & Wesson, model M&P 45, .45 caliber pistol; and

    f.    A Smith & Wesson, model 645, .45 caliber pistol.

10. As noted above, CLARK acknowledged to me that he knew he was not allowed to possess firearms. I have also reviewed Kanawha County Circuit Court records which show that CLARK was previously convicted of a crime punishable by a term of imprisonment exceeding one year, that is, convicted on or about October 1, 2010, in the Circuit Court of Kanawha County, West Virginia, of the felony offense of Conspiracy to Operate a Clandestine Drug Laboratory, and that in pleading guilty, CLARK acknowledged that he understood he could be sentenced to between one and five years of prison.

11. I have also consulted with Special Agent David Bullard of the Bureau of Alcohol, Tobacco, Firearms and Explosives (herein "ATF"), who has informed me that the above firearms, as well as the 9x18mm caliber ammunition recovered from CLARK's vehicle, were not manufactured in West Virginia.

12. Based upon my past experience and training, my consultation with ATF, and the evidence viewed and collected during this investigation, I believe there is probable cause that on July 2, 2019, RICKY LEE CLARK SR. committed a violation of Title 21 United States Code § 841(a)(1) (Possession with Intent to Distribute Methamphetamine) and violations of Title 18

United States Code §§ 922(g)(1) and 924(a)(2) (Possession of Ammunition and Firearms by a Felon). The events described in this affidavit occurred in Kanawha County, West Virginia, and within the Southern District of West Virginia.

Further your affiant sayeth naught.

_____
Patrolman M.W. Fisher
St. Albans Police Department

Sworn to by the affiant telephonically in accordance with the procedures of Rule 4.1 this 30th day of December 2020.

_____
Omar J. Aboulhosn
United States Magistrate Judge